**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-10758 |
| BRUNDAGE-BONE CONCRETE PUMPING, ) | Chapter 11 |
| INC. ) | |
| EIN: 84-0972141 ) | |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| JLS CONCRETE PUMPING, INC., ) | Case No. .10-10760 |
| EIN: 84-0972141 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

# MOTION FOR CONTINUANCE OF HEARING ON DEBTORS' MOTION SEEKING ENTRY OF INTERIM ORDER APPROVING POST-PETITION SECURED AND SUPERPRIORITY FINANCING PURSUANT TO 11 U.S.C. §364(c)

Wells Fargo Bank, N.A., Wells Fargo Equipment Finance, Inc., and Wachovia Financial Services, Inc. a/k/a First Union Commercial Corporation (collectively "Wells Fargo"), by and through their attorneys, request the Court for a short continuance of the hearing on the portion of the Debtors' Motion Seeking Expedited Entry of Orders (Docket No. 6) (the "Motion") relating to the Debtors' request for entry of an interim order approving post-petition secured and superpriority financing pursuant to 11 U.S.C. §364(c) (the "Interim Financing Request"), presently scheduled for January 20, at 12:30 p.m., as follows:

1. Wells Fargo is the Debtors' largest secured creditor, being owed in excess of $140,000,000, secured by a large portion of the Debtors' personal property.

2. The Debtors' Interim Financing Request proposes to grant terms to the proposed DIP lender that may have a lasting and detrimental effect on the interests of Wells Fargo and other secured and unsecured creditors.

3. The Debtors' Motion was filed after 5:00 p.m. on January 18, 2010. The Motion, with its accompanying affidavits, exhibits, other attachments, and proposed orders, exceeds 200 pages. The Motion is currently set for hearing on January 20, 2010 at 12:30 p.m.

4. Wells Fargo intends to object to the Debtors' Interim Financing Request on a number of grounds. Because of the importance and potential impact of the Debtors'

-2-

request, and because of its volume and complexity, is impossible for Wells Fargo to adequately inform the Court of its objections within the time remaining before the initial hearing.

       5.     In addition, Wells Fargo intends to propose terms for use of cash collateral and alternative financing that would fully meet the Debtors' needs, on less burdensome terms than those contained in the Debtors' Motion. In order to have an adequate opportunity to do so, Wells Fargo needs some limited additional time.

       6.     Wells Fargo believes that it can file its objection to the Debtors' Interim Financing Request, along with a superior alternative financing proposal, if the hearing on that request is continued by one day to Thursday, January 21.

       7.     Wells Fargo believes and submits that this short additional time would not adversely affect the Debtors or their operations. Wells Fargo further suggests that in order for the Court to properly consider all of the relevant aspects of the Debtors' Interim Financing Request, the Court should have the benefit of Wells Fargo's submission. Realistically, it would be impossible for Wells Fargo to complete its submission and for the Court to have an adequate opportunity to consider it if the Interim Financing Request is in fact heard as scheduled on January 20.

       8.     Wells Fargo requests this short continuance only with respect to the Debtors' Interim Financing Request and does not request the Court to continue the other aspects of the Debtors' Motion.

       9.     Wells Fargo's undersigned counsel contacted the Debtor's counsel, Mr. Sender, regarding whether the Debtor would oppose the requested continuance. The Debtor, at least at this point, does not consent to the continuance.

WHEREFORE, Wells Fargo moves the Court for a continuance of the portion of the hearing on the Debtors' Motion Seeking Expedited Entry of Orders that relates to the Debtors' request for entry of an interim order approving post-petition secured and superpriority financing, for approximately 24 hours, to Thursday, January 21, 2010, at such time as the Court's calendar may accommodate such hearing.

-3-

Dated January 19, 2010

        Respectfully submitted,

        *s/ Jack L. Smith*
        Jack L. Smith, #2640
        Risa L. Wolf-Smith, #15835
        HOLLAND & HART LLP
        555 Seventeenth Street, Suite 3200
        Post Office Box 8749
        Denver, Colorado 80201-8749
        Telephone: (303) 295-8246
        Facsimile: (303) 975-5394
        E-Mail: jsmith@hollandhart.com
        **ATTORNEYS FOR WELLS FARGO BANK, N.A., WELLS FARGO EQUIPMENT FINANCE, INC., AND WACHOVIA FINANCIAL SERVICES, INC. A/K/A FIRST UNION COMMERCIAL CORPORATION**

**CERTIFICATE OF SERVICE**

I certify that on January 19, 2010, I served a copy of the foregoing document to the following by

☐ U.S. Mail, postage prepaid
☐ Hand Delivery
☐ Fax
☒ E-Service

Harvey Sender, Esq.
David V. Wadsworth, Esq.
Sender & Wasserman, P.C.
1600 Lincoln Street, Suite 2200
Denver, CO  80264

U.S. Trustee
999 18th Street, Suite 1551
Denver, CO  80202

Michael J. Pankow, Esq.
Brownstein Hyatt Farber Schreck LLP
410 17th Street, Suite 2200
Denver, CO  80202-4437

*s/ Susanne Johnson*

4707879_1.DOC