## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| BRUNDAGE-BONE CONCRETE ) | Case No. 010-10758 ABC |
| PUMPING, INC., ) | |
| EIN: 84-0972141 ) | Chapter 11 |
| ) | |
| ) | |
| Debtor. ) | |
| ) | |
| In re: ) | |
| ) | Case No. 010-10760 EEB |
| JLS CONCRETE PUMPING, INC. ) | |
| EIN: 84-0972141 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

### STIPULATED ORDER AUTHORIZING CONSENSUAL USE OF CASH COLLATERAL, GRANTING ADEQUATE PROTECTION AND AUTHORIZING RETENTION OF CASH MANAGEMENT SYSTEMS

Pursuant to the agreement of the above-captioned Debtors (collectively, the **"Debtors"**), and Wells Fargo Bank, N.A. (**"WFB"**), as secured lender, and pursuant to 11 U.S.C. §§ 361, 363(c)(2), 363(e), the Court hereby authorizes the consensual use of cash collateral and the granting of adequate protection upon the stipulation of the parties, and

IT IS HEREBY ORDERED as follows:

1. The Debtors shall be permitted to use up to $1.3 million of cash on hand to pay (i) payroll, (ii) required fuel deposits, and (iii) post-petition insurance premium payments;

2. To protect against deterioration in the value of its prepetition collateral, WFB shall be granted a first priority, valid, enforceable, perfected, and unavoidable replacement lien (the "Adequate Protection Lien") on all of Debtors' post-petition collateral of the same type and categories of postpetition collateral as WFB has held in prepetition collateral under the Debtors' revolving line of credit facility with WFB (THE "Prepetition Lien").

3. The Adequate Protection Lien shall have the same validity, extent and priority of the Prepetition lien. Nothing in this Order shall be deemed to determine the validity, extent, or priority of WFB's Prepetition Lien.

4. WFB is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' accounts which are cashed at WFB's counters or exchanged for cashier's checks by the payees thereof prior to the date of the Debtors' petition for relief under Chapter 11 (the **"Petition Date"**); (ii) all checks or other items deposited in one of Debtor's accounts with WFB prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to WFB as service charges for the maintenance of the Cash Management System; and

5. WFB may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and WFB shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

6. Pursuant to 11 U.S.C. §§ 105 and 363, the Debtors are authorized and directed to (i) designate, maintain, and continue to use any and all of its accounts (collectively, the "Prepetition Bank Accounts") in existence as of the Petition Date, with the same account numbers, including the accounts identified in Exhibit 5 to the Motion Seeking Entry of Order Authorizing Retention of Cash Management Systems; (ii) open new accounts wherever they are needed (such new accounts, together with the Prepetition Bank Accounts, hereinafter the "Bank Accounts"); and (iii) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors in possession.

7. The Debtors are further authorized, but not directed, to close any Bank Accounts the Debtors determine, in their sole and absolute discretion, are not required for the Debtors' continued operations.

8. The Debtors are authorized and directed to continue to use their existing Cash Management System and shall maintain through the use thereof detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' Cash Management System, except as modified by this Order. In connection with the ongoing utilization of its Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly.

9. After the Petition Date, and subject to the terms of this Order, all Banks at which the Bank Accounts are maintained are authorized, ~~and directed~~ to continue to administer the Bank Accounts as such accounts were maintained prepetition. [ABC]

10. On a weekly basis, the Debtors shall provide an accounting to Wells Fargo of all funds flowing through the Bank Accounts, and specifically identifying all funds traceable to prepetition and postpetition accounts receivables. All such accountings shall be made available to the U.S. Trustee and any creditors committees appointed herein.

2

11. The Debtors are authorized to reimburse each Bank reasonable fees and costs for account management services provided to the Debtors. The Banks are further authorized to automatically deduct from the appropriate accounts the Banks' customary fees and expenses associated with the nature of the deposits and cash management services provided to the Debtors, in accordance with the agreements between the Debtors and the Banks.

12. ORDERED, that each of the Debtor's Banks is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtor's accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System; and

13. ORDERED, that any of the Debtor's Banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein;

14. No Bank that implements or honors a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in the good-faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) as a result of a good faith error made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

15. Subject to the provisions of this Order, the Banks are authorized to honor all representations from the Debtors as to which checks should be honored or dishonored.

16. The Debtors shall reimburse WFB for any costs associated with any bonding which may be required under 11 U.S.C. §345(b).

17. The U.S. Trustee Guidelines that require that all receipts and all disbursements of estate funds be made by check with a notation representing the reason for the disbursement are waived. The Debtors are authorized to conduct transactions by wire or ACH transfer and other similar methods.

18. The Debtors are authorized to continue to use all their existing Business Forms, including checks, as such forms were in existence immediately prior to the Petition Date. The Debtors are further authorized to use their existing check stock without the "debtor" or "debtor-in-possession" label.

3

19. Pursuant to 11 U.S.C. §§ 503(b)(1) and 364(b), all Intercompany Claims against a Debtor by another Debtor or a non-debtor affiliate arising after the Petition Date, as a result of ordinary course intercompany transactions through the Cash Management System, shall be accorded (administrative priority expense) status. Provided however, each entity utilizing funds flowing through the Cash Management System shall continue to bear ultimate repayment responsibility for such ordinary course transactions. *ABC*

20. Notwithstanding anything herein or in the Motion to the contrary, no action by any Debtor is permitted that is inconsistent with any interim or final order entered by the Court approving cash collateral use and postpetition financing and no payment shall be made by any Debtor except in accordance with the terms of such orders, including the budget then in effect under such orders.

21. To the extent applicable, the Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

22. The Debtor is hereby authorized to execute any additional documents incident to the relief granted pursuant to this Order.

23. Notwithstanding Bankruptcy Rule 6004 (to the extent applicable), this Order shall be effective and enforceable immediately upon entry hereof.

24. The Debtor shall serve a copy of this Order on all of the Banks within one (1) business day of the entry of this Order.

25. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

26. The Court has been advised the Debtor-in-possession is unable to issue and implement timely stop-payment orders on all outstanding prepetition checks for other drafts or charges against its prepetition accounts which are authorized to be activated by this order. The Court therefore authorizes banks to rely upon e-mail or other written instructions from the Debtor to return all or any of such prepetition items as the Debtor may instruct. The Court recognizing Banks are providing an accommodation to Debtors outside their ordinary processes and procedures under their existing account and other cash management agreements with the Debtors, Banks shall therefore have no liability to the Debtors, their estates or any other person or party with respect to Banks' efforts to accommodate Debtors in this regard, including but not limited to Banks' failure or inability to timely or effectively implement any such instructions of the Debtors for any reason whatsoever.

27. The provisions of this Order concerning cash management shall be superceded by an order disposing of the debtors' pending application seeking to retain their cash management system, provided that the protections afforded the Banks hereunder until any such further order enters shall not be prejudiced.

4

DATED this 21 day of January 2010.

BY THE COURT:

_____
U.S. Bankruptcy Judge


AGREED TO BY:

*s/ Harvey Sender*
Harvey Sender, #7546
John B. Wasserman, #10011
SENDER & WASSERMAN PC
1660 Lincoln Street, Ste. 2200
Denver, CO 80264
ATTORNEYS FOR THE DEBTORS

*s/ Jack L. Smith*
Jack L. Smith, #2640
Risa Lynn Wolf-smith, #15835
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202
       and

LANE POWELL PC
Bruce W. Leaverton, WSBA #15329
Mary Jo Heston, WSBA #11065
**ATTORNEYS FOR WELLS FARGO BANK, NATIONAL ASSOCIATION, WELLS FARGO EQUIPMENT FINANCE, INC. WACHOVIA FINANCIAL SERVICES, INC., A/K/A/ FIRST UNION COMMERCIAL CORPORATION**

4709449_1.DOC