# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:   )<br>   )<br>BRUNDAGE BONE   )<br>CONCRETE PUMPING, INC.   )<br>EIN 84-0972141   )<br>   )<br>    Debtor-in-Possession | Case No. 10-10758ABC<br>Chapter 11 |
| IN RE:   )<br>   )<br>JLS CONCRETE PUMPING, INC.   )<br>EIN:  84-0972141   )<br>   )<br>    Debtor-in-Possession | Case No. 10-10760EEB<br>Chapter 11 |

### OBJECTION TO STANDING OF AURORA RESURGENCE MANAGEMENT PARTNERS, LLC AND COMMERCIAL FINANCE SERVICES 110 LLC

COMES NOW KeyBank National Association and Key Equipment Finance Inc. (collectively KeyBank) by and through its attorneys Foster Pepper PLLC and O'Brien & Zender, P.C. who objects to the participation of Aurora Resurgence Management Partners, LLC and Commercial Finance Services 110 LLC (collectively "Aurora") in the evidentiary hearing scheduled for January 24 and 25, 2010.

Aurora is the potential debtor in possession ("DIP") lender to debtors Brundage Bone Concrete Pumping, Inc. and JLS Concrete Pumping, Inc. (collectively the "Debtor").  However, Aurora is not a creditor, an equity holder or an indenture trustee of the Debtor.  In fact, Aurora's name does not appear anywhere in the Debtor's bankruptcy petition, schedules or statement of financial affairs.  Docket No. 1.  In other words, unless and until the DIP loan is approved by this Court, Aurora has no pecuniary interest in this case.  Without a pecuniary interest, Aurora has no standing to appear in the evidentiary hearing.

**1. The Bankruptcy Procedural Rules Do Not Permit Aurora to Participate in the Evidentiary Hearing.**

Based upon Bankruptcy Rule 9014 and Bankruptcy Code § 1109(a), Aurora has no standing to participate in the evidentiary hearing. Specifically, section 1109(b) provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). Aurora does not fall into any one of the enumerated categories defined in section 1109(b).

Moreover, Bankruptcy Rule 9014 governs procedure in contested matters. *In re Barrick Group, Inc.*, 98 B.R. 133, 134 (Bankr. D. Conn. 1989). That rule provides that "[i]n a contested matter in a case under the Code not otherwise governed by [the Bankruptcy Rules], relief shall be requested by motion, and reasonable notice and an opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014. "Therefore unless another rule provides otherwise, motions in contested matters are only served upon the party against whom relief is sought." *Id.* (internal citation omitted). Here, relief is not being sought against Aurora.

The *Barrick* court analyzed Bankruptcy Rule 9014 and Bankruptcy Code § 1109(a) in the context of contested motion for relief from stay and a request to conduct discovery from general unsecured creditors. The *Barrick* court concluded that based on the service requirements set forth in Rule 9014 any "conclusion that § 1109(b) gives peripheral parties an absolute right to fully participate in contested matters would undermine established public policy of providing adequate protection of a secured creditor's interest in collateral and an efficient hearing on the determination of that issue." *Barrick* at 135. Consequently, "§ 1109(b) permits every party in

interest to object to the relief sought by a motion in a Rule 9014 contested matter, *but not to otherwise participate*." *Id.* (emphasis added).

The *Barrick* court when on to conclude "[i]f a peripheral party wishes to file requests for discovery and/or join in [an] evidentiary hearing, leave to intervene should be sought under Rule 2018(a) . . . ." *Id.* That rule provides that "[i]n a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit *any interested entity* to intervene generally or with respect to [a] specified matter." Fed. R. Bankr. P. 2018 (emphasis added). When implementing Rule 2018(a) in a particular case, a court exercises its discretion to balance the needs of a potential intervenor against any delay or prejudice which would result from its intervention.

Here, while Aurora, as a potential lender to the debtor, may be a "peripheral" party who could move to intervene in this matter. It has not, however, so moved. Moreover, 10th Circuit B.A.P. authority precludes Auora's intervention. Under *Armstrong v. Rushton (In re Armstrong)*, 303 B.R. 213, 219 (B.A.P. 10th Cir. 2004), the 10th Circuit B.A.P. ruled that you must be a party in interest to intervene under Rule 2018. A "party in interest" the Court concluded includes "all persons whose pecuniary interests are directly affected by the bankruptcy proceedings and includes anyone who has an interest in the property to be administered and distributed" under the debtor's bankruptcy plan. *Id.* at 219.

Here, Aurora is merely a party who has offered to provide post-petition funding to the Debtor. Aurora presently has no pecuniary interest in the Debtor's property. Without such an interest, the 10th Circuit B.A.P. holds that Aurora has no right to intervene in this evidentiary

hearing. If Aurora is unable to intervene, Aurora is likewise unable to participate in the evidentiary hearing.

2. **Aurora is Akin to a Potential Stalking Horse Bidder.**

KeyBank was unable to find any case law that specifically addressed the issue of a non-creditor DIP lender's standing in a contested cash collateral hearing. However, by analogy, Aurora as a DIP lender is akin to a stalking horse bidder in a bankruptcy proceeding. Unless and until a Bankruptcy Court approves a stalking horse bid, the stalking horse bidder has no standing to participate directly in the hearing to approve the bid. *In re Public Service Co of New Hampshire*, 160 B.R. 404, 435, (Bankr. D.N.H.1993) ("…[B]idders who are not themselves parties in interest in the case have no standing to come in and disrupt the orderly progress toward a confirmable plan under a concept of a right to be heard because of an ongoing amorphous "bidding process" not structured and approved by order of the court."). *See generally In re HST Gathering Co.*, 125 B.R. 466, 468 (Bankr. W.D.Tex. 1991) (bidders are not within the "zone of interests intended to be protected" under the bankruptcy statutes)*, citing In re Planned Systems, Inc.*, 82 B.R. 919, 922 (Bankr.S.D. Ohio 1988); *Big Shanty Land Corp. v. Corner Properties, Inc.*, 61 B.R. 272, 277 (Bankr.N.D.Ga. 1985).

Potential DIP lenders like potential stalking horse bidders have no pecuniary interest in the outcome of a bankruptcy proceeding unless and until an Order has been entered approving the financing or approving the bid. Aurora simply has no standing to participate in the evidentiary hearing until their proposed financing is approved by the Court.

For the reasons stated herein, KeyBank objects to the participation of Aurora in the evidentiary proceeding set for January 24 and 25, 2010.

DATED THIS 24th day of January, 2010.

        Respectfully submitted

        */s/ Jonathan A. Braun*

---

        Jonathan A. Braun, #18652
        O'Brien & Zender
        2060 Broadway Ste 280
        Boulder, Colorado 80302
        Telephone:   (303)443-2626
        Facsimile:   (303)443-2647
        Email:       jbraun@ozlawfirm.com

        and

        FOSTER PEPPER PLLC
        Deborah A. Crabbe, WSBA #22263
        Appearing Pro Hac Vice (pending)
        Telephone:   (303)443-2626
        Facsimile:   (303)443-2647
        Email:       deborahcrabbe@comcast.net

        **ATTORNEYS FOR KEYBANK NATIONAL ASSOCIATION AND KEY EQUIPMENT FINANCE INC.**

51048965.1