EXHIBIT A

DEFINED TERMS AND RULES OF CONSTRUCTION

1. <u>Adequate Protection</u>. The Postpetition Adequate Protection Liens and other liens, claims, rights, and interests granted or authorized in favor of Lender and each other Secured Party pursuant to the Financing Orders.

2. <u>Adverse Action</u>. (a) An assertion or joinder in any claim, counter-claim, action, proceeding, application, motion, objection, defense or other contested matter, the purpose of which is to seek any order, judgment, determination, finding or similar relief: (i) challenging or contesting the legality, validity, priority, amount or enforceability of the Obligations, or (ii) challenging or contesting the legality, validity, priority or enforceability, or seeking to invalidate, set aside, avoid or subordinate, in whole or in part, any lien or interest in favor of Senior Lenders or Lender in the Senior Collateral or the Collateral, (b) a request to use the Cash Collateral without Lender's consent, except as provided herein, (c) any negotiation, solicitation or attempt to obtain postpetition loans or other financial accommodations (other than Indebtedness permitted under the Loan Documents or which would pay all Borrowing Base Obligations in full) pursuant to Section 364(c) or (d) other than from Lender or such other party without Lender's consent, or (d) the commencement or prosecution of any action or proceeding of any claims, causes of action or defenses against Senior Lenders or any Lender, or any of their respective officers, directors, employees, agents, attorneys, affiliates, assigns or successors, including without limitation any attempt to recover on an Avoidance Claim from any such party.

3. <u>Allowable 506(b) Amounts</u>. All reasonable fees, costs, expenses, interest, and other charges due or coming due in connection with or arising under the Senior Facility and/or with respect to the Senior Obligations to the extent allowable under section 506(b), including all out-of-pocket filing and recording fees, attorneys' and paralegals' fees and expenses, external and internal audit fees and expenses, closing fees, unused facility fees, letter of credit fees, collateral management fees, yield maintenance fees, anniversary fees, and all other fees, costs, and expenses incurred by Lender under the Senior Facility with respect to the Senior Obligations, including such fees, costs, and charges incurred in connection with: (a) the negotiation, preparation, and submission of the Findings and Conclusions and the Financing Orders and any other order or document related hereto, and (b) the representation of Lender in and in connection with the Case.

4. <u>Allowed Professional Fees</u>. Subject to the terms and conditions of this Order, the unpaid and outstanding reasonable fees and expenses actually incurred by Professionals on or after the Petition Date and approved by an order of the Court (that is not subject to any stay or injunction) pursuant to Bankruptcy Code section 328, 330, or 331.

5. <u>Avoidance Claims</u>. Claims, actions, and causes of action under sections 502(d), 542, 544, 547, 548, 550, or 551, and proceeds relating thereof or arising therefrom, but

specifically excluding claims, actions, or causes of action under section 549 and any proceeds relating thereto or arising therefrom.

6. <u>Bankruptcy Code</u>. The United States Bankruptcy Code (11 U.S.C. § 101 et seq.), as amended, and any successor statute. Unless otherwise indicated, all statutory section references in the Findings and Conclusions and the Financing Orders are to the Bankruptcy Code.

7. <u>Bankruptcy Rules</u>. The Federal Rules of Bankruptcy Procedure, as amended, and any successor statute.

8. <u>Blocked Account</u>. That certain deposit account defined in the Loan Agreement as the "Blocked Account".

9. <u>Blocked Account Agreement</u>. Individually and collectively, those certain Collateral Agreements or Lockbox Agreement by and among the Senior Lender, Borrower, and Blocked Account Bank, and ratified and assumed by Debtors in conjunction with the Postpetition Financing.

10. <u>Blocked Account Bank</u>. The financial institution designated as the "Blocked Account Bank" pursuant to the Blocked Account Agreement.

11. <u>Borrower</u>. Port Townsend Paper Corporation, a Washington corporation, as it existed prior to the Petition Date.

12. <u>Budget</u>. Shall mean "Budget" as defined in and attached to the Loan Agreement as amended, modified, or supplemented from time to time, and for such additional amounts or additional periods, all in form and substance acceptable to Lender.

13. <u>Carve Out Amount</u>. Shall mean (i) all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee under section 1930(a) of Title 28 of the United States Code, (ii) an amount not exceeding $1,000,000 in the aggregate, which amount may be used only after the occurrence and during the continuance of an Event of Default in respect of allowances of compensation for services rendered or reimbursement of expenses to Professionals; provided however, that the dollar limitation on fees and disbursements contained herein (i) shall not be reduced by the amount of any compensation or reimbursement of expenses paid pursuant to Bankruptcy Code sections 330 and 331 prior to the occurrence of an Event of Default and (ii) shall not be reduced by the amount of any compensation or reimbursement of expenses paid pursuant to a "Knudsen Order" but for which allowance has not been obtained.

14. <u>Carve Out Account</u>. Shall mean a cash collateral account with Lender or its assignee for the sole purpose of establishing a cash fund from which the Carve Out Amount is

2

satisfied, which fund shall be established by Lender or its assignee "by setting aside Cash Collateral or making advances as Revolving Loans (as such term is defined in the Loan Agreement) in an amount up to $1,000,000. The Carve Out Account may be funded incrementally or in a single funding based upon availability of proceeds of Collateral and liquidity.

15. Cases. Collectively and individually, the above-captioned chapter 11 cases or any superseding chapter 7 case of Debtors.

16. Cash Collateral. (a) "Cash collateral," as that term is defined in section 363(a), in which Lender has, or any person has a lien or interest, (b) all deposits subject to setoff rights in favor of Lender or any other person, and (c) all cash arising from the collection or other conversion to cash of the Collateral, including from the sale of inventory and the collection of accounts receivable.

17. Collateral. Such term shall have the meaning set forth in the Loan Agreement.

18. Collateral Agreements. Those certain agreements of various dates between Borrower and Debtor, certain other parties that may have an interest or claim in the Collateral, and Lender, providing for, among other purposes, an agreement as to the rights and interests of the parties thereto with respect to the Collateral that is the subject thereof, including without limitation, Blocked Account Agreements and other agreements with respect to the recognition and perfection of the interests of the Lender in the Collateral held by depository institutions (deposit account control agreements), credit card processors, collectors, or facilitators (merchant payment agreements), and cash transport service providers (armored car agreements).

19. Committee. Any official committee appointed in the Case pursuant to section 1102.

20. Court. The United States Bankruptcy Court for the Western District of Washington, or such other Court before which the Case is pending.

21. Creditors' Committee. The Committee representing the unsecured creditors in the Case.

22. Debtors. Such term shall have the meaning set forth in the preamble.

23. Entry Date. The date that a particular document or event is noted on the docket of the Case maintained by the Court.

24. Estate. All interests of Debtors in property pursuant to section 541(a).

25. Event of Default. Such term shall have the meaning set forth in the Loan Agreement.

3

26. <u>Final Hearing</u>. The final hearing on the Motion conducted in accordance with Bankruptcy Rule 4001 (c)(2).

27. <u>Final Financing Order</u>. Such term shall have the meaning set forth in the Loan Agreement.

28. <u>Financing Lien</u>. Liens in favor of Lender in the Collateral as security for the Obligations pursuant to sections 364(c)(2) and (c)(3).

29. <u>Financing Orders</u>. Such term shall have the meaning set forth in the Loan Agreement.

30. <u>Findings and Conclusions</u>. Findings of Fact and Conclusions of Law in support of and relating to each Financing Order.

31. <u>507(b) Claim</u>. An unsecured claim to the extent of any deficiency in Adequate Protection with the priority in payment afforded by section 507(b), including without limitation, priority over all costs and expenses of administration of the Case (other than the claims of Lender pursuant to priority or security interests under section 364), including without limitation sections 503(b), 506(c), 507(a), or 552(b) except the expenses of the Chapter 7 Trustee.

32. <u>Indenture</u>. That certain Indenture, dated as of April 13, 2004, as amended, modified, supplemented, and/or restated from time to time.

33. <u>Intercreditor Agreement</u>. That certain Amended and Restated Intercreditor Agreement, dated as of July 21, 2005, as between Senior Lender, CU Business Credit Canada, Inc. and Term Agent on behalf of holders of Senior Notes, as amended, modified, supplemented, and/or restated from time to time.

34. <u>Interim Hearing</u>. The interim hearing on the Motion conducted in accordance with Bankruptcy Rule 4001(c)(2).

35. <u>Interim Financing Order</u>. Such term shall have the meaning set forth in the Loan Agreement.

36. <u>Lender</u>. Such term shall mean The CIT Group/Business Credit, Inc., a New York corporation and each financial institution that may be a "Lender" under and as such term is defined in the Loan Agreement, and each of its nominees, successors, or assignees.

37. <u>Lender Expenses</u>. Such term shall have the meaning set forth in the Loan Agreement.

38. <u>Lender Rights</u>. Any of the interests, claims, rights, remedies, and/or privileges in favor of any Lender provided or acknowledged in any Loan Document or Financing Order.

4

39. <u>Loan Agreement</u>. That certain Amended and Restated Loan and Security Agreement (Debtor-in-Possession), dated as of January 31, 2007, as amended, modified, supplemented, and/or restated from time to time. A copy of the Loan Agreement as it exists as of the date hereof is attached hereto as Exhibit B.

40. <u>Loan Documents</u>. Such terms shall have the meaning set forth in the Loan Agreement.

41. <u>Maximum Amount</u>. Such term shall mean the "Revolving Loan Commitment" as such term is defined and used in the Loan Agreement; provided, however, that in connection with the Interim Financing Order, "Maximum Amount" shall mean an amount equal to the aggregate sum of all expenses set forth in the Budget for a period expiring upon the entry of the Final Financing Order.

42. <u>Motion</u>. Motion of the Debtors and Debtors In Possession for Interim and Final Orders Under 11 U.S.C. §§ 361, 362, 363, and 364, Fed. R. Bankr. P. 4001 (b) and (c), and Del. Bankr. L.R. 4001-2, (A) Authorizing Debtors to Incur Postpetition Indebtedness, (B) Granting Security Interests and Superpriority Expense Claims, (C) Authorizing Use of Cash Collateral, and (D) Granting Other Relief, filed in the Case on or about January 30, 2007.

43. <u>Non-Material Amendment</u>. Any amendment, modification, supplement, or waiver that (i) does not directly operate to (a) materially increase the rate of interest or aggregate sum of Lender Charges (taken as a whole) other than as provided in the Loan Documents, (b) add specific new Events of Default other than as provided in the Loan Documents, (c) enlarge the nature and extent of remedies available to Lender following an Event of Default, or (d) modify any term or condition in any Loan Document in a manner materially less favorable to Debtors in the good faith judgment of Lender and Debtors other than as provided in the Loan Documents, or (ii) notwithstanding the foregoing, provides for (a) an extension of the Maturity Date or waiver of an Event of Default or a Termination Event, (b) new, subsequent, or amended covenants acceptable to Lender, (c) new, amended, modified, or restated covenants or conditions as required by Lender with respect to, including without limitation, or any other requirement requested by Lender by which Debtors shall be required to liquidate or sell their assets and/or wind down their operations and business, or (d) new, amended, modified, or restated covenants or conditions as required by Lender with respect to the monitoring and inspecting of Collateral.

44. <u>Noticed Parties</u>. (a) the Office of the United States Trustee for the Western District of Washington; (b) counsel to Lender; (c) Wells Fargo Bank, N.A. as the Blocked Account Bank; (d) counsel for the Other Alleged Secured Parties; (e) counsel to the Committee; (f) counsel to the Informal Committee of Senior Secured Noteholders, (g) the United States Attorney for the Western District of Washington; (h) the Washington State Attorney General, and (i) all parties who have timely filed requests for notice under Bankruptcy Rule 2002.

45. <u>Obligations</u>.  Such term shall have the meaning set forth in the Loan Agreement.

46. <u>Other Alleged Secured Parties</u>.  Other than Lender, all parties, including CIT Business Credit Canada, Inc., a Canada corporation, who assert a security interest, if any, in property of the Estates that generates Cash Collateral used by the Debtors after the Petition Date.

47. <u>Parent</u>.  Such term shall have the meaning set forth in the Loan Agreement.

48. <u>Payoff Event</u>.  The payment in an amount sufficient to satisfy or significantly reduce the Obligations in full existing as of the time of such payment and termination of any further financing commitment or obligation of Lender under the Loan Agreement, other than any remaining Obligations relating to the Carve Out Amount.

49. <u>Perfection Act</u>.  Any act required under federal, state, or local requirements or law requiring notice, filing, registration, recording, or possession of the Collateral or other act to validate or perfect a security interest or lien including without limitation control agreements with the Blocked Account Bank or other financial institutions holding a Blocked Account, lockbox account, or other depository or bank account, deposit account control agreements, merchant payment agreements, merchant payment direction letters, cash transport agreements, and such other agreements with any party possessing or asserting an interest in Collateral or accounts consisting of Collateral.

50. <u>Permitted Liens</u>.  Such terms shall have the meaning set forth in the Loan Agreement.

51. <u>Permitted Liens and Claims</u>.  Permitted Liens and the Carve Out Amount.

52. <u>Petitions</u>.  The voluntary petition filed by each of the Debtors under chapter 11 of the Bankruptcy Code commencing the Case.

53. <u>Petition Date</u>.  The date Debtors filed the Petitions, January 29, 2007.

54. <u>Postpetition Adequate Protection Liens</u>.  Liens to secure diminution in the value of a Secured Party's collateral pursuant to sections 363(e) or 364 (as applicable) (which liens shall be in addition to the liens and security interests pursuant to section 552(b)).

55. <u>Postpetition Collateral</u>.  All Collateral arising after the Petition Date.

56. <u>Postpetition Financing</u>.  All loans, advances, and other financial and credit accommodations provided by Lender to Debtors pursuant to the terms and conditions of the Loan Documents.

57. <u>Postpetition Financing Lien</u>.  Liens in favor of Lender in the Collateral as security for the Obligations pursuant to sections 364(c)(2) and (c)(3).

58. <u>Postpetition Lender Liens</u>.  Collectively and individually, the Postpetition Financing Lien and the Postpetition Adequate Protection Lien in favor of Lender.

59. <u>Postpetition Liens</u>.  Collectively and individually, the Postpetition Lender Liens and the Postpetition Adequate Protection Liens.

60. <u>Postpetition Obligations</u>.  All Obligations arising on or after the Petition Date.

61. <u>Prepetition Collateral</u>.  Assets that are encumbered by or subject to a Prepetition Lien.

62. <u>Prepetition Lien</u>.  A valid, existing, perfected, enforceable lien or security interest that is not subject to being avoided by operation of the Bankruptcy Code or other applicable law.

63. <u>Professionals</u>.  Attorneys, accountants, investment bankers, consultants, brokers, and any other professional, person, or entity retained under section 327, 328, 363 or 1103 (a) by Debtors or any Committee, or entitled to payment of compensation or reimbursement of expenses by Debtors or their Estate for services to the Debtors or such Committee, excepting "ordinary course" professionals the retention and payment of which is permitted by separate motion and order before the Court.

64. <u>Releases</u>.  The release of certain claims and defenses by Debtors as against Lender and such other parties as set forth in the Loan Agreement.

65. <u>Secured Parties</u>.  Collectively and individually, Senior Lender, Lender, and Other Alleged Secured Parties.

66. <u>Senior Claim Objection</u>.  Any objection or defense that seeks any setoff, recoupment, counterclaim, deduction, or claim against the Senior Obligations or challenges the legality, validity, perfection, enforceability, or priority of or otherwise seeks to avoid the Senior Lien, or seeks against Lender, or any of its agents, officers, directors, employees, attorneys, professionals, successors, and assigns any claim or cause of action related to or arising out of the Senior Facility.

67. <u>Senior Collateral</u>.  All of the "Collateral" (as that term is defined in the Senior Loan Agreement) existing as of the Petition Date, and all rents, issues, profits, proceeds, and products thereof.

68. <u>Senior Facility</u>.  The Senior Loan Agreement and documents constituting "Loan Documents" as that term is defined in the Senior Loan Agreement, and certain other agreements, documents, and instruments executed and/or delivered with, to, or in favor of

7

Senior Lender, including without limitation the Intercreditor Agreement, security agreements, notes, guarantees, mortgages, and financing statements and all other related agreements, documents, and instruments executed and/or delivered in connection therewith or related thereto, as each such document may have been amended, supplemented, and/or restated from time to time.

69. <u>Senior Lender</u>.  Such term shall mean Lender, and its nominees, successors, or designees, as a party to the Senior Loan Agreement.

70. <u>Senior Liens</u>.  The security interests and liens in favor of Senior Lender encumbering the Senior Collateral.

71. <u>Senior Loan Agreement</u>.  That certain Loan and Security Agreement, dated as of July 21, 2005, between Borrower, Senior Lender, PTPC Corrugated Company, CIT Business Credit Canada Inc. and PT Holdings Company, Inc. as such document may have been amended, modified, supplemented, and/or restated from time to time.

72. <u>Senior Notes</u>.  Shall mean senior notes issued pursuant to the Indenture.

73. <u>Senior Notes Collateral</u>.  All of the "Collateral" (as such term is defined in the Indenture) existing as of the Petition Date, and all rents, issues, profits, proceeds and products thereof.

74. <u>Senior Notes Liens</u>.  Shall mean security interests and liens in favor of holders of Senior Notes encumbering the Senior Notes Collateral.

75. <u>Senior Notes Obligations</u>.  Such term shall have the meaning set forth in the Indenture.

76. <u>Senior Obligations</u>.  (a) All Obligations, solely with respect to the U.S. Transactions (as such term is defined in the Loan Agreement) existing as of the Petition Date, including all fees, costs, interest, and expenses arising thereunder, and (b) all Allowable 506(b) Amounts.

77. <u>Superpriority Claim</u>.  The unsecured claim in favor of Lender in the amount equal to all Obligations not otherwise secured by sufficient Collateral and with the priority in payment afforded pursuant to section 364(c)(l) as provided in Section 3.2 of this Order.

78. <u>Termination Event</u>.  An event that results in the termination or expiration of Debtors' authority or ability to borrow the Postpetition Financing or Lender's commitment to provide the Postpetition Financing pursuant to the Loan Agreement and this Order..

79. <u>Trustee</u>.  Any trustee or other person or entity appointed or elected in the Case to administer or manage Debtors or their affairs or assets, whether in whole or in part, pursuant to sections 524, 702,1102, or otherwise.

8

80. <u>20 Largest Unsecured Creditors</u>.  The holders of unsecured claims identified on the List of Creditors Holding the 20 Largest Unsecured Claims filed in the Case.

81. <u>United States Trustee</u>.  United States Trustee for the Western District of Washington.