**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| BRUNDAGE-BONE ) | Case No. 10-10758 ABC |
| CONCRETE PUMPING, INC. ) | Chapter 11 |
| EIN: 84-0972141 ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| In re: ) | |
| ) | Case No. 10-10760 ABC |
| JLS CONCRETE PUMPING, INC. ) | Chapter 11 |
| EIN: 84-0972141 ) | |
| ) | *Jointly Administered Under* |
| Debtor. ) | *Case No. 10-10758 ABC* |

**NOTICE OF STIPULATED MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF THE GE COMMERCIAL FINANCE BUSINESS PROPERTY CORPORATION REAL ESTATE LENDER SECURED CLAIM AND FOR WITHDRAWAL OF GE COMMERCIAL FINANCE BUSINESS PROPERTY CORPORATION'S OBJECTION TO CONFIRMATION OF DEBTORS' SECOND AMENDED PLAN OF REORGANIZATION**

**OBJECTION DEADLINE: MAY 19, 2011.**

**YOU ARE HEREBY NOTIFIED THAT** Brundage-Bone Concrete Pumping, Inc. ("Brundage-Bone"), JLS Concrete Pumping, Inc. ("JLS") (collectively "Debtors" or "Reorganized Debtor") and GE Commercial Finance Business Property Corporation ("GE Commercial Finance") have filed a Stipulated Motion to Approve Compromise and Settlement of the GE Commercial Finance Business Property Corporation Real Estate Lender Secured Claim and for Withdrawal of GE Commercial Finance Business Property Corporation's Objection to Confirmation of Debtors' Second Amended Plan of Reorganization (the "Stipulated Motion") with the bankruptcy court and request the following relief: That the bankruptcy court authorize the Debtors to settle and compromise the GE Commercial Finance Real Estate Lender Secured Claim Against Brundage-Bone according to the following terms:

(a) The following loan modification documents shall be executed in connection with the Colorado Loan and the Utah Loan:

(i) In connection with the Colorado Loan:

a. An Amended and Restated Promissory Note (the "Amended Colorado Note") in the original principal sum of $1,826,000.00, and reflecting that the remaining outstanding principal balance of the Amended Colorado Note as of March 1, 2011 is $1,378,619.20, that amends, restates, fully supersedes, replaces and is to be made and given by Brundage-Bone to GE Commercial Finance in substitution for, but not satisfaction of, the Colorado Note;

b. A First Amendment and Confirmation of Deed of Trust (the "Amended Colorado Deed of Trust") that amends and confirms the Colorado Deed of Trust, and is to be executed by Brundage-Bone, as Grantor, for the benefit of GE Commercial Finance, as Beneficiary;

c. A Loan Modification Agreement (the "Colorado Modification Agreement") that modifies the Current Loan Documents (as defined in the Colorado Modification Agreement) and is by and between GE Commercial Finance, as Lender, and Brundage-Bone, as Borrower;

        d.      An unsecured Guaranty (the "Colorado Guaranty") to be executed by BB Operating Subsidiary Inc., or its successor, assign or affiliate, in favor of GE Commercial Finance. The Amended Colorado Note, the Amended Colorado Deed of Trust, the Colorado Modification Agreement, and the Colorado Guaranty shall be referred to herein as the "Colorado Modified Loan Documents"; and

        e.      On the date of the Colorado Modification Agreement, Brundage-Bone shall pay to GE Commercial Finance the amount of $115,335.99 (which amount is estimated and subject to adjustment) by wire transfer in accordance with instructions to be provided by GE Commercial Finance to Brundage-Bone (the "Colorado Borrower's Payment"). The Colorado Borrower's Payment shall be utilized by GE Commercial Finance and applied as follows:

        i.      $989.80 shall be applied by GE Commercial Finance to pay the remaining portion of the payment that was due on March 1, 2011;

        ii.      $10,602.66 shall be applied by GE Commercial Finance to pay the payment that was due on April 1, 2011;

        iii.      $10,602.66 shall be applied by GE Commercial Finance to pay the payment that is due on May 1, 2011;

        iv.      $40,801.47 shall be deposited for 2009 real and personal property taxes which are delinquent and $19,839.40 shall be deposited for the 2nd installment of 2010 taxes which are due and payable;

        v.      $17,500 shall be applied by GE Commercial Finance for one-half (1/2) of the collection costs and attorneys' fees incurred by GE Commercial Finance through the date of the Colorado Modification Agreement;

        vi.      $12,000 shall be applied by GE Commercial Finance for one-half (1/2) of the costs of third-party reports obtained by GE Commercial Finance and prepared by IVI International (Phase I and Property Condition Assessment) in connection with the inspection of the Collateral;

        vii.      $3,000 for one-half (1/2) of the costs of the title insurance endorsements to GE Commercial Finance's existing policy of title insurance and other expenses incurred in connection with the Colorado Modification Agreement and recording an amendment to the Colorado Deed of Trust; and

        viii.      the balance, if any, shall be held by GE Commercial Finance or applied by GE Commercial Finance to any amounts due and owing under the Loan Documents as GE Commercial Finance may determine in its sole and absolute discretion.

(ii)      In connection with the Utah Loan:

        a.      An Amended and Restated Promissory Note (the "Amended Utah Note") in the original principal sum of $1,072,000.00, and reflecting that the remaining outstanding principal balance of the Amended Utah Note as March 1, 2011 is $809,353.88, that amends, restates, fully supersedes, replaces and is to be made and given by Brundage-Bone to GE Commercial Finance in substitution for, but not satisfaction of, the Utah Note;

        b.      A First Amendment and Confirmation of Deed of Trust (the "Amended Utah Deed of Trust") that amends and confirms the Utah Deed of Trust, and is to be executed by Brundage-Bone, as Grantor, for the benefit of GE Commercial Finance, as Beneficiary;

       c.     A Loan Modification Agreement (the "Utah Modification Agreement") that modifies the Current Loan Documents (as defined in the Utah Modification Agreement) and is by and between GE Commercial Finance, as Lender, and Brundage-Bone, as Borrower;

       d.     An unsecured Guaranty (the "Utah Guaranty") to be executed by BB Operating Subsidiary Inc., or its successor, assign or affiliate, in favor of GE Commercial Finance. The Amended Utah Note, the Amended Utah Deed of Trust, the Utah Modification Agreement, and the Utah Guaranty shall be referred to herein as the "Utah Modified Loan Documents." The Colorado Modified Loan Documents and the Utah Modified Loan Documents shall be referred to herein collectively as the "Loan Modification Documents"[3]; and

       e.     On the date of the Utah Modification Agreement, Brundage-Bone shall pay to GE Commercial Finance the amount of $45,530.20 (which amount is estimated and subject to adjustment) by wire transfer in accordance with instructions to be provided by GE Commercial Finance to Brundage-Bone (the "Utah Borrower's Payment"). The Utah Borrower's Payment shall be utilized by GE Commercial Finance and applied as follows:

       i.     $581.08 shall be applied by GE Commercial Finance to pay the remaining portion of the payment that was due on March 1, 2011;

       ii.     $6,224.56 shall be applied by GE Commercial Finance to pay the payment that was due on April 1, 2011;

       iii.     $6,224.56 shall be applied by GE Commercial Finance to pay the payment that is due on May 1, 2011;

       iv.     $17,500 shall be applied by GE Commercial Finance for one-half (1/2) of the collection costs and attorneys' fees incurred by GE Commercial Finance through the date of the Utah Modification Agreement;

       v.     $12,000 shall be applied by GE Commercial Finance for one-half (1/2) of the costs of third-party reports obtained by GE Commercial Finance and prepared by IVI International (Phase I and Property Condition Assessment) in connection with the inspection of the Collateral;

       vi.     $3,000 for one-half (1/2) of the costs of the title insurance endorsements to GE Commercial Finance's existing policy of title insurance and other expenses incurred in connection with the Utah Modification Agreement and recording an amendment to the Utah Deed of Trust; and

       vii.     the balance, if any, shall be held by GE Commercial Finance or applied by GE Commercial Finance to any amounts due and owing under the Loan Documents as GE Commercial Finance may determine in its sole and absolute discretion.

       (b)     The Loan Documents shall be modified and supplemented by the Loan Modification Documents, which provide in pertinent part as follows: (1) The maturity date for the loans shall be extended to September 1, 2015; (2) from October 1, 2010, the stated interest rate of 6.25% per annum shall be increased to 6.75% per annum such that interest shall accrue on the unpaid principal balance of the loans at an interest rate of 6.75% per annum, except upon an event of default, based on a 20-year amortization schedule, with the final payment of all unpaid principal and interest being due and payable on the date which is five (5) years after October 1, 2010; (3) the monthly payments under the Loan Documents, as set

---

[3] Certain costs and other amounts reflected in the Loan Modification Documents attached hereto are subject to change based upon the date on which the parties enter into the Loan Modification Documents.

4830-8221-3641.6

forth in the Loan Modification Documents, shall result in a reduced monthly payments for Brundage-Bone; and (4) the Loan Modification Documents are subject to Bankruptcy Court approval;

(c) To the extent there is any ambiguity between the Second Amended Plan's treatment of Class 3-A and the provisions of the Loan Documents and the Loan Modification Documents, the provisions of the Loan Documents and the Loan Modification Documents shall control;

(d) GE Commercial Finance shall have an Allowed GE Commercial Finance Real Estate Lender Secured Claim under Class 3-A of the Second Amended Plan;

(e) The Debtors shall amend the treatment of the GE Commercial Finance Class 3-A Claim in the Second Amended Plan at p. 61 thereof, ¶ 16(b) to state:

Treatment: On the later of the Effective Date or the date on which GE Commercial Finance Real Estate Lender Secured Claim against Brundage-Bone becomes an Allowed GE Commercial Finance Real Estate Lender Secured Claim, or, in each such case, as soon as practicable thereafter, except to the extent that a Holder of a GE Commercial Finance Real Estate Lender Secured Claim against Brundage-Bone agrees to a less favorable treatment for such Holder, in exchange for full and final satisfaction, settlement, release and discharge of each GE Commercial Finance Real Estate Lender Secured Claim against Brundage-Bone, each Holder of a GE Commercial Finance Real Estate Lender Secured Claim shall receive the following: The Allowed GE Commercial Finance Real Estate Lender Secured Claim shall be paid in accordance with the GE Commercial Finance Real Estate Loan Documents.

(f) Debtors acknowledge and agree in the Stipulated Motion that Article VIII.C. of the Second Amended Plan entitled "Compromise and Settlement" shall have no force or effect with respect to any rights, remedies or claims that GE Commercial Finance may hold against any person or entity other than the Debtors;

(g) GE Commercial Finance shall withdraw its Objection to the Second Amended Plan and shall change its Class 3-A Ballot to vote in favor of and accept the Second Amended Plan;

(h) The Debtors shall amend Article I., definition 165 of the Second Amended Plan to state:

165. "GE Commercial Finance Real Estate Loan Document" means each of (a) that certain promissory note, by and between GE Commercial Finance Business Property Corporation, as lender, and Brundage-Bone Concrete Pumping, Inc., as borrower, dated on or around August 24, 2005, in an original aggregate principal amount of $1.826 million, secured by that certain real estate collateral located at 6461 & 6475 Downing Street, Denver, CO, 80229, as modified pursuant to that certain Amended and Restated Promissory Note, First Amendment and Confirmation of Deed of Trust, Loan Modification Agreement, and unsecured Guaranty, and (b) that certain promissory note, by and between GE Commercial Finance Business Property Corporation, as lender, and Brundage-Bone Concrete Pumping, Inc., as borrower, dated on or around August, 2005, in an original aggregate principal amount of $1.072 million, secured by that certain real estate collateral located at 350 West 700 South, Pleasant Grove, UT, 84062, as modified pursuant to that certain Amended and Restated Promissory Note, First Amendment and Confirmation of Deed of Trust, Loan Modification Agreement, and unsecured Guaranty, as each of the above documents listed or referred to in (a) and (b) has been or may be further amended, restated, supplemented, or otherwise modified from time to time, including all agreements, documents, guarantees, notes, instruments, security agreements, financing statements, and any other agreements delivered pursuant thereto or in connection therewith.

4830-8221-3641.6

(i) By the execution and delivery of this Stipulated Motion, each of the parties irrevocably and unconditionally agrees for itself that any legal action, suit or proceeding against it with respect solely to the enforcement of this Stipulated Motion shall be brought in the Bankruptcy Court for the District of Colorado, which shall have exclusive jurisdiction over such action, suit or proceeding.  Notwithstanding the same, any legal action, suit or proceeding with respect to the Loan Documents, the Loan Modification Documents, or any other agreement related thereto, including but not limited to the enforcement of GE Commercial Finance's rights and remedies set forth therein, may be brought in any manner provided in the Loan Documents, the Loan Modification Documents, and/or pursuant to applicable State law;

(j) Debtors agree to use their best efforts to cause this Stipulated Motion to be heard and approved before or contemporaneously with the confirmation hearing on the Second Amended Plan and will continue to use their best efforts to cause this Stipulated Motion to be expeditiously approved thereafter if the Court declines to do so before or contemporaneously with the confirmation hearing on the Second Amended Plan; and

(k) To the extent that the Bankruptcy Court does not grant this Stipulated Motion, then Brundage-Bone shall be in default under the Loan Documents and GE Commercial Finance shall be entitled to exercise its rights and remedies thereunder and pursuant to applicable State law.

The Debtors assert that the settlement agreement with GE Commercial Finance on the terms and conditions set forth herein is in the best interests of the Debtors, the Debtors' estates and the creditors, because the settlement will resolve all issues concerning the Class 3-A GE Commercial Finance Real Estate Lender Secured Claim without the uncertainty, risk and cost of litigation, and clears the way for confirmation of the Second Amended Plan.  The settlement also decreases the Brundage-Bone's monthly payments under the applicable loan documents and extends the maturity date of the loans to September 1, 2015, resulting in a monthly savings for Brundage-Bone.  In addition, the settlement agreement resolves the GE Commercial Finance Objection and GE Commercial Finance's Claims against Brundage-Bone and its estate in their entirety and secures GE Commercial Finance's vote in favor of the Second Amended Plan on its Class 3-A GE Commercial Finance Real Estate Lender Secured Claim.

Copies of all pleadings filed in the Debtors' cases are available at the following website: http://chapter11.epiqsystems.com/brundagebone. Additional copies will be provided upon request. If you oppose the motion or object to the requested relief your objection and request for hearing must be filed on or before the objection deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The court will not consider general objections. In the absence of a timely, substantiated objection and request for hearing by an interested party, the court may approve or grant the requested relief without any further notice to creditors or other interested parties.

DATED this 28th day of April, 2011.        Respectfully submitted,

SENDER & WASSERMAN, P.C.

*/s/ John B. Wasserman*
John B. Wasserman, #10011
Matthew T. Faga, #41132
1660 Lincoln Street, Suite 2200
Denver, Colorado 80264
303-296-1999 / 303-296-7600 FAX
jwass@sendwass.com
Attorneys for the Debtors

4830-8221-3641.6