UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BRUNDAGE-BONE | ) | Case No. 10-10758 ABC |
| CONCRETE PUMPING, INC. | ) | Chapter 11 |
| EIN: 84-0972141 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | Case No. 10-10760 ABC |
| JLS CONCRETE PUMPING, INC. | ) | Chapter 11 |
| EIN: 84-0972141 | ) | |
| | ) | *Jointly Administered Under* |
| Debtor. | ) | *Case No. 10-10758 ABC* |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING THE SECOND AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 2, 2011 PROPOSED BY BRUNDAGE-BONE CONCRETE PUMPING, INC. AND JLS CONCRETE PUMPING, INC.**

On April 1, 2011 and April 29, 2011, this Court conducted hearings on confirmation of the Second Amended Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code, Dated February 2, 2011, proposed by Brundage-Bone Concrete Pumping, Inc. and JLS Concrete Pumping, Inc. (the "Debtors") (the "Plan"), filed on February 2, 2011 [Docket No. 1473]. The Debtors are referred to herein as the "Proponents." Capitalized terms not defined herein shall have the meaning set forth in the Plan. In connection therewith, the Court finds as follows:

    A.    Notice of the Confirmation Hearing (the "Confirmation Hearing Notice"), the Plan, the First Amended Disclosure Statement Dated February 2, 2011, Under 11 U.S.C. § 1125 in Support of the Plan (the "Disclosure Statement"), the Order Approving Disclosure Statement and Setting Confirmation Hearing entered on February 3, 2011 (the "Order Setting Confirmation Hearing") [Docket No. 1476], all on a compact disk, together with an explanatory letter and appropriate ballots (collectively, the "Solicitation Package") were transmitted to all Holders of Claims and Interests and other parties in interest in accordance with the Order Setting Confirmation Hearing, as set forth in the Affidavit of Service sworn to by Patrick J. Ryan of Epiq Bankruptcy Solutions, LLC, and filed with the Bankruptcy Court on February 14, 2011 [Docket No. 1500] (the "Plan Affidavit of Service").

1

B. On March 7, 2011, the Debtors filed with the Bankruptcy Court the Plan Supplement Documents as required by the Plan [Docket No. 1572].

C. On March 30, 2011, Epiq Bankruptcy Solutions, LLC filed the Declaration of Stephenie Kjontvedt on Behalf of Epiq Bankruptcy Solutions, LLC, Certifying Voting on the Second Amended Plan of Reorganization [Docket No. 1683] (the "Voting Declaration"). The Voting Declaration certifies the results of the ballot tabulation for all Classes voting to accept or reject the Plan.

D. All objections to the Plan have either been resolved or denied by this Court.

E. Pursuant to the Order Setting Confirmation Hearing and Bankruptcy Code section 1128(a), the Bankruptcy Court held a hearing commencing on April 1, 2011 and continuing on April 29, 2011 (the "Confirmation Hearing") to consider confirmation of the Plan.

NOW THEREFORE, based upon the Bankruptcy Court's review and consideration of (i) the Plan, the Disclosure Statement, the Plan Supplement Documents, all technical amendments to the Plan, the Order Setting Confirmation Hearing, the Voting Declaration, the Plan Affidavit of Service, and the other pleadings of record and other documents before the Bankruptcy Court in connection with the confirmation of the Plan, (ii) the record of the Confirmation Hearing (including the statements of counsel in support of confirmation at the Confirmation Hearing) and all testimony presented and evidence admitted at the Confirmation Hearing, and (iii) the entire record of this Chapter 11 Case; and the Bankruptcy Court finding that (A) notice of the Balloting Deadline, the deadline for filing objections to confirmation of the Plan, and Confirmation Hearing and the opportunity of any party in interest to object to confirmation were adequate and appropriate, in accordance with Bankruptcy Rule 2002(b) and the Order Setting Confirmation Hearing, as to all parties to be affected by the Plan and the transactions contemplated thereby, and (B) the legal and factual bases presented at the Confirmation Hearing and set forth in this Confirmation Order establish just cause for the relief granted herein; and after due deliberation thereon, a good cause for appearing therefor;

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THE COURT HEREBY FINDS AND CONCLUDES THAT[1]:

1. This Bankruptcy Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L) and this Bankruptcy Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code, to determine whether the Plan should be

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed.R.Bankr. P. 7052.

confirmed and to enter a final order with respect hereto. Venue of this Chapter 11 Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Judicial notice is hereby taken of the docket of the Chapter 11 Case maintained by the Clerk of the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and transcripts of, and all evidence and arguments made, proffered, or adduced at, the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Case.

3. The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Bankruptcy Court satisfies Bankruptcy Rule 3016(b).

4. The Proponents have given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d). Such notice was good and sufficient under the particular circumstances and no other or further notice is or shall be required.

5. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all creditors entitled to vote on the Plan, and sufficient time was prescribed for such creditors to vote to accept or reject the Plan, thereby satisfying the requirements of Bankruptcy Rule 3018.

6. The Proponents have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by clear and convincing evidence.

7. The Plan complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Bankruptcy Court with respect to the Plan, thus satisfying the requirements of section 1129(a)(1) of the Bankruptcy Code.

8. The Proponents have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Bankruptcy Court with respect to the solicitation of acceptances and rejections of the Plan, including, without limitation, sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019, thus satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code.

9. The Plan, and the compromises and settlements embodied therein, have been proposed in good faith and not by any means forbidden by law, thus satisfying the requirements of Section 1129(a)(3) of the Bankruptcy Code.

10. All payments that have been made or are to be made by the Debtors or the Reorganized Debtor under the Plan or by any person acquiring property under the Plan, for services for costs and expenses in, or in connection with, the Chapter 11 Case, or in connection

with the Plan and incident to the Chapter 11 Case, have been approved by, or will be subject to the approval of, the Bankruptcy Court as reasonable, thus satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

11. The Debtors have made available all necessary information with respect to the identity of the Reorganized Debtor's officers, directors, and stockholders, and the appointment to, or continuance in, such office of such individuals is consistent with the interests of Holders of Claims and Interests and with public policy, thus satisfying the requirements of section 1129(a)(5) of the Bankruptcy Code.

12. The Debtors' businesses do not involve the establishment of rates over which any regulatory commission has jurisdiction or will have jurisdiction after confirmation. Thus, section 1129(a)(6) of the Bankruptcy Code does not apply to this Chapter 11 Case.

13. Section 1129(a)(7) of the Bankruptcy Code requires that each Holder of a Claim or Interest in an impaired Class accept the Plan, or receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive on account of such Claim or Interest if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code. All of the Classes are impaired under the Plan. The Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any objection to confirmation of the Plan, and/or (iii) establish that each Holder of a Claim or Interest in an impaired Class has either accepted the Plan, or will receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date, thus satisfying the requirements of section 1129(a)(7) of the Bankruptcy Code.

14. Section 1129(a)(8) of the Bankruptcy Code requires that for each Class of Claims or Interests under the Plan, such Class has either accepted the Plan or is not impaired by the Plan. Impaired Classes 1-A, 1-B, 1-C, 1-D, 1-E, 1-F, 1-G, 1-H, 2-F, 3-B, 3-D, 3-E, 3-F, 3-G, 3-H, 3-I, 3-J, 5, 9 and 10 (the "Accepting Impaired Classes") have accepted the Plan.

15. Impaired Classes 2-B, 2-C, 2-D, 2-G, 3-C and 4 did not submit ballots and are deemed to have accepted the Plan. ~~In the alternative, to the extent applicable, the collateral of the creditors in such classes has been previously surrendered to the applicable creditor. Therefore, the Plan complies with section 1129(b)(2)(a)(iii) of the Bankruptcy Code.~~ [initials: ABC]

16. Impaired Class 2-A voted to reject and objected to the Plan; however, on April 22, 2011, the Impaired Class, by Stipulated Motion to Approve Compromise and Settlement of Prepetition Secured and Unsecured Claims of Banc of America Leasing and Capital, LLC and for Withdrawal of Banc of America Leasing and Capital, LLC's Objection to Confirmation of

Debtors' Second Amended Plan of Reorganization [Docket No. 1758] (the "BofA Stipulation"), changed its vote to accept the Plan and withdrew its objection. On April 29, 2011, at the continued hearing on confirmation of the Plan, the Class 2-A creditor advised the Bankruptcy Court that it was changing its Class 2-A ballot to vote in favor of and accept the Plan and withdrawing its previously filed Objection to the Plan [Docket No. 1666].

17. Impaired Class 2-E voted to reject and objected to the Plan, however, on April 27, 2011, the Impaired Class, by Stipulated Motion to Approve Compromise and Settlement of Prepetition Secured and Unsecured Claims of RBS Asset Finance, Inc. and for Withdrawal of RBS Asset Finance, Inc.'s Objection to Confirmation of Debtors' Second Amended Plan of Reorganization [Docket No. 1788] (the "RBS Stipulation"), changed its vote to accept the Plan and withdrew its objection. On April 29, 2011, at the continued hearing on confirmation of the Plan, the Class 2-E creditor advised the Bankruptcy Court that it was changing its Class 2-E ballot to vote in favor of and accept the Plan and withdrawing its previously filed Objection to the Plan [Docket No. 1648].

18. Impaired Class 3-A voted to reject and objected to the Plan; however, on April 28, 2011, the Debtors and the Class 3-A creditor by Stipulated Motion to Approve Compromise and Settlement of Prepetition Secured Claim and for Withdrawal of GE Commercial Finance Business Property Corporation's Objection to Confirmation of the Debtors' Secured Amended Plan of Reorganization [Docket No. 1803] (the "GE Stipulation"), and have agreed on the treatment to be accorded the Class 3-A Claim and withdrew its objection. On April 29, 2011, at the continued hearing on confirmation of the Plan, the Class 3-A creditor advised the Bankruptcy Court that it was changing its Class 3-A ballot to vote in favor of and accept the Plan and withdrawing its previously filed Objection to the Plan [Docket No. 1645].

19. Impaired Classes 6, 7, 8, 11 and 12 consist of Intercompany Claims, Section 510(b) Claims and Equity Security Interests that are not receiving anything under the Plan and are deemed not to have accepted the Plan.

20. The treatment of Priority Tax Claims and Secured Tax Claims specified in Article II.C. of the Plan satisfies the requirements of Bankruptcy Code sections 1129(a)(9)(C) and (D).

21. The Plan has been accepted by the Accepting Impaired Classes, determined without consideration of any acceptance of the Plan by insiders, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

22. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors.

23. The Debtors have paid, or will pay on the Effective Date, all amounts due under 28 U.S.C. § 1930, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

24. The Debtors provide no retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code, and thus the Plan satisfies the requirements of section 1129(a)(13) of the Bankruptcy Code.

25. The principal purpose of the Plan is not the avoidance of taxes or avoidance of the requirement of section 5 of the Securities Act of 1933 and no Governmental Unit has requested that the Bankruptcy Court deny confirmation on such basis, thus satisfying the requirements of the section 1129(d) of the Bankruptcy Code.

26. The Bankruptcy Court finds that it may properly retain jurisdiction over the matters set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code.

27. All conditions precedent to confirmation set forth in Article X of the Plan have been satisfied, will be satisfied by the Effective Date of the Plan, or have been duly waived.

28. Article III of the Plan adequately and properly identifies and classifies all Claims and Interests. The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class, and such classification is therefore consistent with section 1122 of the Bankruptcy Code. Valid business and legal reasons exist for the various Classes of Claims and Interests created under the Plan, and such classification does not unfairly discriminate among Holders of Claims or Interests. The Plan's classification scheme recognizes the differing legal and equitable rights of Holders of Claims versus Holders of Interests, Secured versus unsecured Claims, and priority versus non-priority Claims. Accordingly, the Plan satisfies section 1123(a)(1) of the Bankruptcy Code

29. The Plan specifies in Article III the Classes of Claims and Interests that are impaired, and specifies in Article III the treatment of the Classes of impaired Claims and Interests, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

30. The Plan provides for the same treatment for a Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

31. Article IV of the Plan provides adequate and proper means for implementation of the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code. Among other things, Article IV provides for (i) the continued corporate existence of the Debtors as the Reorganized

Debtor and (ii) the vesting of the property of the Debtors' Estates, together with any property of each Debtor that is not property of its Estate in the Reorganized Debtor.

32. Articles IV.E, IV.F. and IV.G. of the Plan provide that the corporate governance documents of the Reorganized Debtor shall, among other things, include a provision prohibiting the issuance of non-voting equity securities, thereby satisfying the requirements of section 1123(a)(6) of the Bankruptcy Code.

33. Articles IV.E. and IV.J. of the Plan regarding the officers and directors of the Reorganized Debtor are consistent with the interests of creditors and equity security holders and with public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

34. The exculpatory provision set forth in Article VIII.E. of the Plan is fair and necessary to the success of the Debtors' reorganization in light of circumstances presented.

35. The Debtors have provided adequate assurance of future performance with respect to the executory contracts and unexpired leases to be assumed and/or assigned pursuant to Article V of the Plan.

36. The modifications to the Plan as embodied in any amendments that have been filed do not materially or adversely affect or change the treatment of any Holder of a Claim who has not accepted the modifications. Accordingly, pursuant to Bankruptcy Rule 3019, such modifications do not require additional disclosure under Bankruptcy Code section 1125 or resolicitation of acceptances or rejections under Bankruptcy Code section 1126, nor do they require that Holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Disclosure of the modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of this Chapter 11 Case. To the extent the BofA Stipulation [Docket No. 1758], the RBS Stipulation [Docket No. 1788], and the GE Stipulation [Docket No. 1803] are each approved by Order of the Bankruptcy Court, said stipulations and the treatment of each creditor provided therein shall be and are hereby incorporated by this reference into the Plan and this Order.

37. All conditions precedent to entry of this Confirmation Order have been satisfied.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that:

I. <u>Approval.</u> The Plan, which consists of the Plan, as filed on February 2, 2011 and all exhibits, provisions, terms and conditions thereto, as amended by any amendments that have been filed, and the Plan Supplement Documents, are approved and confirmed in substantially the forms as filed, as having satisfied all of the requirements of Chapter 11 of the Bankruptcy Code. The terms of the Plan are incorporated herein by reference and are an integral part of this Confirmation Order.

II.  Findings of Fact and Conclusions of Law. The findings of fact and conclusions of law set forth herein and at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the findings and conclusions made at the Confirmation Hearing are incorporated herein by reference. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

III.  Discharge of Claims.

A.  As of the Effective Date, except as otherwise provided herein or in the Plan, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtor any other or further claims, debts, rights, causes of action, claims for relief, liabilities, or equity in interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Confirmation Date. In accordance with the foregoing, except as otherwise provided herein or in the Plan, this Confirmation Order constitutes a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment related to a discharged Claim; provided, however, that none of the foregoing shall preclude an applicable governmental taxing authority from conducting a tax audit covering postpetition, pre-Confirmation Date period or from asserting and recovering a claim arising from such tax audit, to the extent such claim is an Allowed Claim.

B.  Except as otherwise provided herein or in the Plan, or for obligations under the exhibits to the Plan or in the Plan Supplement Documents, all consideration distributed under the Plan shall be in exchange for the discharge of all Claims of any nature whatsoever against the Debtors or any of their respective assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Confirmation Date, the Debtors shall (i) be deemed discharged under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502 of the Bankruptcy Code, whether or not (i) a Proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code, (ii) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code, (iii) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (iv) the Holder of a Claim based upon such debt accepted the Plan; provided, however, that nothing in this Order shall preclude the Holder of an Allowed Administrative Claim unpaid as of the Effective Date from enforcing its rights under Articles III.B. and III.C. of the Plan, respectively.

IV. <u>Effects of Confirmation; Immediate Effectiveness; Binding Effect.</u> The Debtors and Reorganized Debtor are hereby authorized to consummate the Plan at any time following entry of this Confirmation Order. Notwithstanding the stay contemplated by Bankruptcy Rule 3020(e) and except as otherwise provided in section 1141(d) of the Bankruptcy Code, immediately after entry of this Confirmation Order, the provisions of the Plan and this Confirmation Order shall be deemed binding against the Debtors, Reorganized Debtor, any and all Holders of Claims against or Interests in the Debtors, including all governmental entities or recording offices (irrespective of whether such Claims or Interests are impaired under the Plan or whether Holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all non-debtor parties to executory contracts or unexpired leases with the Debtors, and any and all entities that are parties to or are subject to the settlements, compromises, release, discharges and injunctions described in the Plan.

V. <u>Exit Documents.</u> Pursuant to Bankruptcy Code section 1142(b), without further action by the Bankruptcy Court, the Reorganized Debtor shall be authorized to (a) enter into, execute and deliver all documents, agreements and instruments necessary or appropriate to enter into and perform all obligations under the Plan, including the Exit Financing Documents (the foregoing documents, agreements and instruments, the "Plan Documents"), and to take all other actions and execute, deliver, record and file all such other agreements, documents, instruments, financing statements, reports and any changes, additions and/or modifications thereto in connection with the consummation of the transactions contemplated by the Plan and the Plan Documents, including, without limitation, the making of such filings or the recording of such liens and security interests, as may be required by the Plan and the Plan Documents and/or as the applicable lender may determine or require in its discretion.

VI. <u>General Authorizations.</u> Under Bankruptcy Code 1142(b) and the terms of the Plan, the Debtors and the Reorganized Debtor, as the case may be, and any officers thereof, are authorized without the need of further shareholder, member or Bankruptcy Court approval to execute and deliver, and take such action as is necessary to effectuate the terms of, implement, or further evidence, the contracts, instruments, securities and other agreements and documents contemplated by the Plan and the terms and conditions of the Plan and the Plan Documents.

VII. <u>Vesting of Property and Continuing Perfection of Security Interests.</u> The vesting in the Reorganized Debtor on the Effective Date of the property of the Debtors' Estate in the Reorganized Debtor (a) is a legal, valid and effective transfer of property, (b) vests the Reorganized Debtor with good title to such property free and clear of Liens, Claims and Interests, except as specifically provided in the Plan and this Confirmation Order, (c) does not constitute an avoidable transfer under the Bankruptcy Code or under applicable non-bankruptcy law, and (d) does not and shall not subject the Reorganized Debtor to any liability by reason of such transfer under the Bankruptcy Code or under applicable non-bankruptcy law. Upon the vesting of such property in the Reorganized Debtor on the Effective Date, except to the extent

9

limited by the Plan or the Exit Financing Documents, the Reorganized Debtor is authorized to use, acquire and dispose of such property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Court. Pursuant to the terms of this Confirmation Order Wells Fargo Bank, National Association as the Agent (the "Agent") for the Equipment Lenders respectively under the terms of both the Secured Senior Term Loan and the Secured Term Loan (the "Term Loans") shall be granted a lien in the Retained Equipment, the Excess Equipment and the other collateral (the "Agent's Liens") as set forth in the loan agreements and other documents related to the Term Loans (the "Lenders' Collateral") and this Confirmation Order shall be sufficient and conclusive evidence of the priority as set forth in the Reorganization Plan and loan documents for the Term Loans, the perfection, and the validity of the Agent's Lien in the Lenders' Collateral effective as of the date and time of entry of this Confirmation Order without any further act required under federal, state, or local requirements or law requiring notice, filing, registration, recording on title, or possession of the Lenders' Collateral or other act to validate or perfect a security interest or lien (the "Perfection Act"). Notwithstanding the foregoing, if the Agent shall, in its sole discretion, elect to file, record, or otherwise effectuate a Perfection Act on behalf of the Equipment Lenders, the Agent is authorized to perform such acts, and the Reorganized Debtors are authorized and directed to perform such Perfection Acts to the extent necessary or required by the Agent and in such event, the subject filing or recording office is authorized to accept, file, and/or record any document in regard to such act in accordance with applicable law. Should the Agent so choose and attempt to file, record, or perform a Perfection Act, no defect or failure in connection with such attempt shall in any way limit, waive, or alter the validity, enforceability, attachment, or perfection of the Agent's Liens by virtue of entry of this Final Confirmation Order. Furthermore, the respective Equipment Lenders shall retain their respective security interests in the Retained Equipment and Excess Equipment and the perfection thereof notwithstanding the retention of any Retained Equipment by the Reorganized Debtor, any transfer of the Retained Equipment to the BB Operating Subsidiary or the transfer of the Excess Equipment to the BB Liquidating Subsidiary pending the Perfection Acts taken by the Agent on behalf of the Equipment Lenders in relation to the Collateral, and such security interests shall be valid, perfected and of the priority described in the Plan as of the Effective Date without the necessity of the execution, filing and recordation by the Debtors, the Reorganized Debtor or the Equipment Lenders of any mortgages, deeds of trust, security agreements, control agreements, pledge agreements, financing statements, title applications, certificates of title or other similar documents.

VIII. <u>Insurance Policies</u>. Nothing contained in the Plan, the Confirmation Order or the Plan Supplement Documents shall in any way operate to, or have the effect of, impairing in any respect the legal, equitable or contractual rights and defenses, including but not limited to rights of setoff and recoupment, of the parties to the agreements issued by any current or former Insurer. Regardless of whether such Insurance Agreements are considered to be executory or

non-executory, the parties' obligations under such Insurance Agreements shall continue to be performed in accordance with the terms thereof.

IX. <u>Administrative Claim Bar Date.</u> Pursuant to this Confirmation Order, an Administrative Claim Bar Date for filing Administrative Claims is established as the date which is forty-five (45) days after the Effective Date or the first Business Day following such day. The Administrative Claim Bar Date is and will be applicable to and for holders of asserted Administrative Expenses, other than 2011 Priority Tax Claims and Non-Tax Priority Claims. Holders of Administrative Expenses not incurred in the ordinary course of business, and claims of any entity seeking compensation for making a substantial contribution to the Bankruptcy Case not paid prior to the Effective Date must submit requests for payment of their Administrative Claims on or before the Administrative Claim Bar Date or forever be barred from doing so. The notice of Confirmation to be served pursuant to Bankruptcy Rules 3020(c) and 2002(f) will set forth such date and constitute notice of the Administrative Claim Bar Date. The Reorganized Debtor shall have the later of (a) 90 days after the Effective Date, (b) 30 days after the filing of such requests for payment or (c) such other date specified in the Plan or ordered by the Bankruptcy Court to object to such Administrative Claim before a hearing for determination of allowance of such Administrative Claim.

X. <u>Professional Fee Claims.</u> All final requests for payment of Professional Fee Claims pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtor, its counsel, counsel to the Committee, and other necessary parties-in-interest no later than sixty (60) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to such applications must be filed and served on the Reorganized Debtor, its counsel, counsel to the Committee and the requesting Professional or other entity on or before the date that is thirty (30) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the date on which the applicable application was served.

XII. <u>Exculpation and Limitation of Liability.</u> The exculpation and limitation of liability provisions set forth in Article VIII.E. of the Plan are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved in their entirety, subject to the limitations on the enforceability thereof set forth in Section 1125 of the Bankruptcy Code and under applicable law.

XIII. <u>Injunction.</u> Expect as provided in the Plan or this Confirmation Order, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged pursuant to the terms of the Plan (collectively, "Discharged Claims") are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtor, or their property, including but not limited to subsidiaries of the Reorganized Debtor created pursuant to the Plan and property of the Debtor or

Reorganized Debtor conveyed to such subsidiaries pursuant to the Plan, on account of any Discharged Claim: (i) commencing or continuing, in any manner or in any place, any action or other proceeding to collect, recover, or offset any Discharged Claim as a personal liability of the Debtors or the Reorganized Debtor, (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order, (iii) creating, perfecting, or enforcing any Lien or encumbrance against any property of the Debtors or the Reorganized Debtor, (iv) asserting a setoff or right of subrogation of any kind against any debt, liability, or obligation due to the Debtor or the Reorganized Debtor; or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan; provided, further, that as of the Confirmation Date, except to the extent prohibited or limited by applicable law, and except as provided in the Plan or this Confirmation Order, all Persons that have held, currently hold, or may hold a Discharged Claim are permanently enjoined from taking any of the following actions on account of such Discharged Claims: (i) commencing or continuing, in any manner or in any place, any action or other proceeding attaching, collecting, or recovering in any manner any judgment, award, decree, or order as a personal liability of the Debtors or the Reorganized Debtor; (ii) creating, perfecting, or enforcing any Lien or encumbrance against any property of the Debtors or the Reorganized Debtor; (iii) asserting a setoff against any debt, liability, or obligation due to the Debtors or the Reorganized Debtor; or (iv) commencing or continuing any action, in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan, provided, however, that nothing in the Plan shall (i) be deemed to prohibit any Person from asserting or enforcing any direct contractual obligation against any non-Debtor party, with all rights and defenses to such claims being reserved by the non-Debtor party or (ii) impact the rights of any party to an executory contract or unexpired lease that has been assumed by the Debtors pursuant to an order of the Bankruptcy Court or the provisions of the Plan to enforce such assumed contract or lease.

XIV. <u>Distributions; Reserves.</u> The provisions of the Plan governing distributions, reserves and the procedures for resolving and treating Disputed Claims under the Plan are approved and found to be fair and reasonable.

XV. <u>Waiver of Avoidance Actions.</u> Except as otherwise provided in the Plan or this Confirmation Order, or in any contract, instrument, release, indenture, or other agreement entered into in connection with the Plan, in accordance with section 1123(b) of the Bankruptcy Code, on the Effective Date, the Debtors and Reorganized Debtor have not waived any of their respective rights and interest in Avoidance Actions that it may hold against any Entity.

XVI. <u>Section 1146(a) Waiver.</u> Pursuant to section 1146(a) of the Bankruptcy Code, any issuance, transfer, or exchange of any security under the Plan, or the making or delivery of any instrument of transfer under the Plan shall not be taxed under any law imposing a stamp tax or other similar tax, ~~including, but not limited to, any taxes required to be paid to the State of~~

~~Colorado or any other jurisdiction assessed on account of filings pursuant to the Uniform Commercial Code.~~

XVII. <u>Committee</u>. On the Effective Date, the Committee shall be dissolved and its members shall be deemed released of all their duties, responsibilities and obligations in connection with the Chapter 11 Case or the Plan and its implementation, and the retention or employment of the Committee's attorneys, accountants and other agents shall terminate.

XVIII. <u>Retention of Jurisdiction</u>. Notwithstanding confirmation of the Plan or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law, including among other things, jurisdiction over the matters set forth in Article XI of the Plan, which provisions are incorporated herein by reference.

XIX. <u>Technical Adjustments</u>. Prior to the Effective Date, the Proponents may make appropriate technical adjustments and modifications to the Plan without further order or approval of this Bankruptcy Court, provided that such technical adjustments and modifications do not adversely affect in any material way the treatment of Holders of Claims or Interests under the Plan.

XX. <u>Notice of Entry of Confirmation Order</u>. The Debtors or their authorized agent shall serve notice of (a) entry of this Confirmation Order and (b) the last date to file requests for payment of Professional Fee Claims and (c) the Administrative Claim Bar Date, substantially in the form annexed hereto as Exhibit A, which form is hereby approved, on all creditors of the Debtors as of the date hereof, and other parties in interest within five (5) Business Days from the Effective Date.

XXI. <u>Inconsistency</u>. In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents.  In the event of any inconsistency between the Plan and any agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern, unless otherwise expressly provided for in such agreements, instruments, or documents.

XXII. <u>Enforceability</u>.  Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan, the Plan Supplement Documents and all Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

Dated: May 2, 2011

BY THE COURT:

_[signature]_
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>BRUNDAGE-BONE<br>CONCRETE PUMPING, INC.<br>EIN: 84-0972141<br><br>      Debtor. | )<br>)<br>) Case No. 10-10758 ABC<br>) Chapter 11<br>)<br>)<br>)<br>) |
| In re:<br><br>JLS CONCRETE PUMPING, INC.<br>EIN: 84-0972141<br><br>      Debtor. | )<br>) Case No. 10-10760 ABC<br>) Chapter 11<br>)<br>) ***Jointly Administered Under***<br>) ***Case No. 10-10758 ABC*** |

### DEBTORS' NOTICE OF (A) ENTRY OF ORDER CONFIRMING THE SECOND AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 2, 2011, (B) DEADLINE TO FILE REQUESTS FOR PAYMENT OF PROFESSIONAL FEE CLAIMS, AND (C) ADMINISTRATIVE CLAIM BAR DATE

BRUNDAGE-BONE CONCRETE PUMPING, INC. and JLS CONCRETE PUMPING, INC. (collectively, the "Debtors"), through their undersigned counsel, hereby provide notice of (A) entry of the Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Plan of Reorganization Dated February 2, 2011 Proposed by Brundage-Bone Concrete Pumping, Inc. and JLS Concrete Pumping, Inc., (B) Deadline to File Requests for Payment of Professional Fee Claims, and (C) Administrative Claim Bar Date, and state as follows:

1. On January 18, 2010 (the "Petition Date") the Debtors each filed a petition with the Court under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Joint administration of the Chapter 11 Cases was granted by the Court on January 19, 2010 (Docket No. 19).

2. On February 2, 2011, the Debtors filed their Second Amended Plan of Reorganization (Docket No. 1473) (the "Second Amended Plan").

3. On February 3, 2011, the Bankruptcy Court approved the Debtors' First Amended Disclosure Statement dated February 2, 2011 (Docket No. 1474) (the "Disclosure Statement"). On February 9, 2011, the Debtors caused the Disclosure Statement and their Second Amended Plan to be sent to all of their creditors.

*Exhibit A*

4. On May 2, 2011, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Plan of Reorganization Dated February 2, 2011 Proposed by Brundage-Bone Concrete Pumping, Inc. and JLS Concrete Pumping, Inc. (the "Confirmation Order") (Docket No. 1823), confirming the Second Amended Plan. ~~A copy of the Confirmation Order is attached hereto as Exhibit 1.~~

5. The last date to file requests for payment of any Administrative Claims and/or Professional Fee Claims shall be **August 15, 2011** (the "Administrative Claim Bar Date"). If any individual or entity entitled to file an Administrative Claim or Professional Fee Claim fails to file said claim on or before the Administrative Claim Bar Date, such Administrative Claim or Professional Fee Claim shall be disallowed and forever barred.

Dated this __ day of May, 2011.

Respectfully submitted,

SENDER & WASSERMAN, P.C.

Harvey Sender, #7546
John B. Wasserman, #10011
David V. Wadsworth, #32066
Matthew T. Faga, #41132
1660 Lincoln Street, Suite 2200
Denver, Colorado 80264
(303) 296-1999, Fax: (303) 296-7600
faga@sendwass.com
Counsel for the Reorganized Debtor